AO 91 (Rev.11/11) Criminal Complaint

**United States District Court**
for the
**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jan 15, 2026**

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff,* | ) |
| | ) Case No.: 4:26-mj-07010-ACE |
| v. | ) |
| JEFFREY P. SPYDER ISAACSON, | ) |
| *Defendant.* | ) |

**CRIMINAL COMPLAINT**

I, *Algis Motiejunas*, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) January 1, 2020, and continuing through January 15, 2026, in the county of Benton in the Eastern District of Washington, the defendant, *JEFFREY P. SPYDER ISAACSON* violated:

18 U.S.C. § 2252A(a)(2), (b)(1) - Receipt of Child Pornography

18 U.S.C. § 2252A(a)(5)(B), (b)(2) - Possession of Child Pornography

This complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

*Algis Motiejunas, Special Agent, FBI*

Printed name and title

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: **January 15, 2026**

City and state: Spokane, Washington



*Judge's signature*

*James A. Goeke, United States Magistrate Judge*

Printed name and title

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Algis Motiejunas, a Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, hereby state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging JEFFREY P. SPYDER ISAACSON ("TARGET SUBJECT") with 18 U.S.C. § 2252A(a)(2) and (b)(1) (receipt or attempted receipt of child pornography) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of child pornography) ("RELEVANT STATUTES").

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### AFFIANT BACKGROUND

4. I am a Special Agent with the FBI and have been since June 2008. Currently, I am assigned to the FBI's Seattle Division, Tri-Cities Resident Agency. My duties as a Special Agent include the investigation of all violations of Federal law and related criminal activities, including violent crimes against children, and the online exploitation of children. I have gained experience through training and everyday work relating to conducting these types of investigations, to include the possession, distribution and production of child pornography (as defined in 18 U.S.C. §

2256(8)(A)), also referred to as "child sexual abuse material" or "CSAM.") I have previously participated in numerous CSAM investigations, search warrants and forensic analysis of evidentiary digital items. I have also observed and reviewed numerous examples of CSAM in a variety of forms of media, including CSAM stored on digital media storage devices such as computers, hard drives and cellular phones. I have also received training and have experience in obtaining, receiving, and reviewing electronic records.

5. I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and the review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein are not being relied on in reaching my conclusion that the requested warrant should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## **APPLICABLE STATUTES**

6. I am investigating potential attempts and completed violations of the RELEVANT STATUTES.

7. Those offenses are set forth as follows:

   a. 18 U.S.C. § 2252A(a)(2) and (b)(1) prohibit a person from knowingly receiving, or attempting or conspiring to receive, any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) prohibit a person from knowingly possessing or knowingly accessing with intent to view, or attempting or conspiring to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have

been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c. 18 U.S.C. § 2256(8)(A) defines "child pornography" or "child sexual abuse material" or "CSAM," as, *inter alia*, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

d. "Child erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

e. 18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated[:] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals or pubic area of any person."

f. "Cryptocurrencies" or "virtual currencies" are digital representations of value that, like traditional coin and paper currency, function as a medium of exchange (i.e., they can be digitally traded or transferred and can be used for payment or investment purposes). Virtual currencies are a type of digital asset separate and distinct from digital representations of traditional currencies, securities, and other traditional financial assets. The exchange value of a particular virtual currency generally is based on agreement or trust among its community of users. Some virtual currencies have equivalent values in real currency or can act as a substitute for real currency, while others are specific to particular virtual domains (e.g., online gaming communities) and generally cannot be exchanged for real currency. Cryptocurrencies are types of virtual currencies, which rely on cryptography for security. Cryptocurrencies typically lack a central administrator to issue the currency and maintain payment ledgers. Instead, cryptocurrencies use algorithms, a distributed ledger known as a

  blockchain, and a network of peer-to-peer ("P2P") users to maintain an accurate system of payments and receipts.

 g. A "cryptocurrency exchange" is an online platform that acts as an intermediary, allowing users to buy, sell, and trade cryptocurrencies for other digital assets or traditional fiat currencies (like the US dollar).

## STATEMENT OF PROBABLE CAUSE

 8. Based on the facts described below, I have probable cause to believe that the TARGET SUBJECT violated the RELEVANT STATUTES.

 9. In August of 2025, the TARGET SUBJECT was identified in an FBI investigation initiated in another federal district as an individual who used a cryptocurrency exchange platform to complete a purchase from a website[1] which advertised itself as a library of free child pornography videos and images. Displayed on the homepage of the site were photos and videos which depicted CSAM and constituted child pornography as defined by 18 U.S.C. § 2256(8).

 10. The cryptocurrency exchange platform maintains Know Your Customer ("KYC") information on their users, which typically includes basic details (name, DOB, address, ID number) and sometimes proof of address, source of funds, and other documents like passports or utility bills. Pursuant to a federal search warrant, the cryptocurrency exchange platform provided records which contained the following KYC information associated with the referenced cryptocurrency exchange account used to complete a purchase from the referenced website:

 a. Name: Jeffrey Isaacson (the TARGET SUBJECT)
 b. DOB: XX/XX/XXXX
 c. Email: jspyder@wgu.edu
 d. Address: 244 Wright Avenue, Richland, WA 99352 (the TARGET PREMISES)
 e. SSN: XXX-XX-XXXX[2]
 f. Phone number: 206-819-5669

---

[1] The details of this website are known to law enforcement and your Affiant, but are not included here to protect operational security and ongoing prosecutions.

[2] The TARGET SUBJECT'S date of birth and social security number were provided by the cryptocurrency exchange platform. Your affiant has not included this information to protect the TARGET SUBJECT'S personally identifiable information.

11. Washington State Department of Licensing records listed the TARGET PREMISES as the TARGET SUBJECT's address of record. Benton County Assessor records list the TARGET SUBJECT and his purported spouse as the owners of the TARGET PREMISES.

12. On January 9, 2026, I applied for and was granted search warrants for the TARGET SUBJECT's person, the TARGET PREMISES, and two vehicles associated with the TARGET SUBJECT. *See* 4:26-MJ-07003-ACE, 4:26-MJ-07004-ACE, 4:26-MJ-07005-ACE, and 4:26-MJ-07006-ACE.

13. On January 15, 2026, your affiant and other FBI special agents executed the aforementioned search warrants. The TARGET SUBJECT was contacted outside of the TARGET PREMISES. Katharine Clark, Nathaniel Clark and Britney Clark were located within the residence.

14. I interviewed the TARGET SUBJECT, who was advised of and waived his *Miranda* rights. The TARGET SUBJECT admitted to using the Tor network and downloading child pornography from various sites. Your affiant inquired whether the TARGET SUBJECT visited the website that was the subject of the initial investigation referenced in paragraph 9. In summary, the TARGET SUBJECT stated he may have visited the website but did not recall making any purchases from the website. The TARGET SUBJECT stated that he started downloading child pornography around 2020 and most recently downloaded child pornography on the night of January 14, 2026. The TARGET SUBJECT stated he saved the child pornography on the flash drives located in his "man cave", which he identified in a photograph of a room located in the basement provided by your Affiant. The TARGET SUBJECT also saved the images to a desktop tower which he advised is currently in the custody of the Best Buy located in Kennewick, WA for repairs. The TARGET SUBJECT disclosed he purged the files on the desktop tower, deleted what he could find related to child pornography and other potential underage material, and cleared the temporary internet files prior to releasing to Best Buy.

15. A forensic preview was conducted on-scene of a Sandisk 512GB USB thumb drive located in the "man cave." A folder named "Random CP images set 262" was located on the thumb drive. You affiant viewed the following image files located within the referenced folder:

   a. Filename: DCIM_90871.jpg: A prepubescent female, approximately 8 years old based on lack of breast development and pubic hair, bound at the wrist and ankles. Her unclothed genitals were visible and a foreign object is inserted into her vagina.

  b. Filename: DCIM_90815.jpg. A nude prepubescent female is lying on her back. A thin long item was inserted into her anus. Another item was near her vagina.

  c. Filename: DCIM_90819.jpg. A nude prepubescent female, approximately 6 years of age based on lack of breast development and pubic hair, was lying on her back. An unidentified adult male is inserting his penis into her vagina.

  d. Filename: DCIM_90843.jpg. A prepubescent nude female, approximately 7 years old based on lack of breast development and pubic hair, was bound at the wrists and ankles. An unidentified adult male is spreading her legs, exposing her anus and vagina.

16. The TARGET SUBJECT disclosed he occasionally masturbated to child pornography.

## CONCLUSION

17. Based on the facts stated above, I respectfully submit that there is probable cause to believe that the TARGET SUBJECT has violated the RELEVANT STATUTES. I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

_____
Algis Motiejunas, Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically on this **15th** day of January, 2026.

_____
James A. Goeke
United States Magistrate Judge

Affidavit of SA Algis Motiejunas
- 6 –